# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS RIVERA,<br><br>    Plaintiff,<br><br>    v.<br><br>WACHOVIA BANK, a National Banking Association; WACHOVIA MORTGAGE CORPORATION, a North Carolina corporation f/k/a WORLD SAVINGS BANK, FSB; and DOES 1-200, inclusive,<br><br>    Defendants. | CASE NO. 09 CV 0433 JM (AJB)<br><br>**ORDER:**<br>**1) GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (Doc. No. 8);**<br><br>**2) DENYING PLAINTIFF'S MOTION FOR REMAND (Doc. No. 9); and**<br><br>**3) DENYING DEFENDANT WACHOVIA MORTGAGE'S MOTION TO DISMISS AS MOOT (Doc. No. 7)** |

Plaintiff Juan Carlos Rivera ("Plaintiff") initiated this action in California state court, advancing several claims which arose out of a residential mortgage refinancing transaction. (Doc. No. 1, Exh. 1, "Complaint.") Defendant Wachovia Mortgage, FSB ("Wachovia"), removed the action to federal court on March 4, 2009 based on federal question jurisdiction. (Doc. No. 1.) Pending before the court are: 1) Wachovia's motion to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) (Doc. No. 7); and 2) Plaintiff's motion for remand (Doc. No. 9). Following full briefing by the parties, the court found both matters appropriate for determination without oral argument.

## I. Plaintiff's Request for Leave to File a First Amended Complaint

In Plaintiff's opposition to the motion to dismiss, he asks the court for "an opportunity to amend" his complaint. (Doc. No. 8 at 2.) Plaintiff's proposed First Amended Complaint ("FAC") is included with his motion for remand. (Doc. No. 9 at 9-25.)

The Federal Rules of Civil Procedure ("FRCP") allow amendment of a pleading once as a matter of right "at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FRCP R. 15(a). No defendant has filed a responsive pleading and thus, Plaintiff is free to file an amended complaint without leave of court.

In order to expedite matters in this case, rather than wait for Plaintiff to file the FAC himself, the court instructs the Clerk of Court to file the FAC. Plaintiff's FAC is deemed to have been filed as of the date of entry of this order.

//

## II. Plaintiff's Motion for Remand

In briefing on Plaintiff's motion for remand, both parties presciently directed their arguments toward the FAC. Because the court now considers the FAC to be the operative complaint, the motion for remand is analyzed herein based on the FAC pleadings.

Removal of this matter to federal court was originally premised on the existence of a federal question. (Doc. No. 1; Compl.) Plaintiff argues the FAC recites only California state law claims and thus, federal question jurisdiction is now lacking and the matter must be remanded. (Doc. No. 9 at 5.) Wachovia responds that, even after the removal of claims reciting federal law, subject matter jurisdiction remains with this court based on diversity of the parties.[1] See 28 U.S.C. § 1332. To satisfy the diversity requirement, all plaintiffs must be diverse from all defendants, and the amount in controversy must exceed $75,000. Id.

---

[1] Wachovia suggests the court should ignore the citizenship of Wachovia Bank, N.A., and Wachovia Mortgage Corporation in its diversity analysis because these parties are "sham" defendants. (Doc. No. 16 at 2.) The authority cited by Wachovia, Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001), deals with the situation where non-diverse defendants are fraudulently joined. Since both Wachovia Bank, N.A., and Wachovia Mortgage Corporation are *diverse*, the court declines to address this facet of Wachovia's argument.

Wachovia contends the amount in controversy exceeds $75,000. (Doc. No. 16 at 4-5.) Plaintiff does not dispute this assessment. In the FAC, Plaintiff seeks compensatory damages of "not less than $353,000" plus treble damages, statutory and punitive damages, disgorgement, and attorneys fees. (FAC at 17.) The court concludes the amount in controversy requirement is satisfied.

Plaintiff identifies himself as "a resident of the State of California." (FAC at ¶ 1.) For diversity purposes, Plaintiff is therefore a California citizen. Plaintiff and Wachovia agree that defendant Wachovia Mortgage Corporation is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. (FAC at ¶ 3; Doc. No. 16 at 4.) Wachovia Mortgage Corporation is considered a North Carolina citizen for diversity purposes.

Wachovia offers that Wachovia Bank, N.A., a national bank association with headquarters in North Carolina,[2] is a North Carolina citizen. Plaintiff does not address this defendant's citizenship. Under 28 U.S.C. § 1348, the jurisdictional statute governing such entities, "All national banking associations shall...be deemed citizens of the States in which they are respectively located." See Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006) (under § 1348, a national bank, for diversity jurisdiction purposes, is "located" "in the State designated in its articles of association as its main office.") The court agrees that Wachovia Bank, N.A., is a North Carolina citizen for this analysis.

The primary dispute raised by Plaintiff centers on Wachovia Mortgage, FSB, a federal savings bank.[3] (Doc. No. 17 at 2.) Plaintiff argues Wachovia Mortgage, FSB, as a "federally chartered institution" with a national reach, succumbs to "the general rule" that "federal chartered corporations are national citizens ineligible to invoke federal diversity jurisdiction." Lehman Bros. Bank, FSB v. Frank T. Yoder Mortgage, 415 F.Supp.2d 636, 641 (E.D. Va. 2006). Unfortunately, the viability of this argument expired in October 2006, when Congress amended the Home Owners' Loan Act and jettisoned the general rule as it applied to federally chartered savings associations. Citizenship of such organizations is now governed by 12 U.S.C. § 1464(x), which provides that a "[f]ederal savings

---

[2] As requested by Wachovia, the court takes judicial notice of Wachovia Bank's Federal Deposit Insurance Corporation ("FDIC") profile which indicates its headquarters location as Charlotte, North Carolina. (Doc. No. 16-3, Exh. 6.)

[3] On this point, Plaintiff's Reply merely refers to "Defendant Wachovia." (Doc. No. 17 at 2.) The court interprets the arguments as directed toward Wachovia Mortgage, FSB.

1 association shall be considered to be a citizen only of the State in which such savings association has
2 its home office." Wachovia has adequately demonstrated that the home office for Wachovia
3 Mortgage, FSB, is located in Nevada.[4]

4 As Plaintiff is a citizen of California, and Defendants are citizens of North Carolina and
5 Nevada, the court concludes complete diversity exists in this case. The requirements for diversity
6 jurisdiction have been met.

7 In Plaintiff's final plea, he argues the "material, significant, and overarching state claims" in
8 his complaint "require this court to remand the case to the state court for a fair and equitable
9 adjudication." (Doc. No. 17 at 2.) According to Plaintiff, dismissal of his state law claims here would
10 constitute an "anathema to American jurisprudence and tradition." (Id.) All hyperbole aside, as the
11 diversity and supplemental jurisdiction statutes make clear, federal courts are fully equipped to handle
12 litigants' state law issues. Furthermore, once the "court is presented with a case within its original
13 jurisdiction, it has a virtually unflagging obligation to exercise" such jurisdiction. Williams v. Costco
14 Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006) (quoting U.S. v. Rubenstein, 971 F.2d 288, 293
15 (9th Cir. 1992))(internal citation and quotation marks omitted). This court has no discretion to remand
16 Plaintiff's claims to state court.

17 For these reasons, Plaintiff's motion for remand is **DENIED**.

18 //

19 **III. Wachovia's Rule 12(b)(6) Motion to Dismiss**

20 Wachovia's Rule 12(b)(6) motion is directed at the original complaint filed in this case. Since
21 that pleading has been superseded by Plaintiff's FAC, Wachovia's motion to dismiss the complaint
22 is **DENIED** as moot.

23 //

24 **IV. Conclusion**

25 In sum, the court hereby instructs the Clerk of Court to file Plaintiff's proposed FAC, which
26 is attached to his opposition to Wachovia's motion to dismiss. (Doc. No. 9 at 9-25.) The FAC will

27

28 [4]The court takes judicial notice of Wachovia Mortgage, FSB's Federal Deposit Insurance Corporation ("FDIC") profile which indicates its headquarters location as North Las Vegas, Nevada. (Doc. No. 16-3, Exh. 4.)

1 | be deemed filed as of the date of entry of this order.  In addition, the court hereby **DENIES** Plaintiff's
2 | motion for remand (Doc. No. 9) and **DENIES** Wachovia's motion to dismiss the original complaint
3 | as moot (Doc. No. 7).

**IT IS SO ORDERED.**

DATED:  May 18, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge