# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS RIVERA,<br><br>                            Plaintiff,<br>   v.<br><br>WACHOVIA BANK, a National Banking Association; WACHOVIA MORTGAGE CORPORATION, a North Carolina corporation f/k/a WORLD SAVINGS BANK, FSB; and DOES 1-200, inclusive,<br><br>                            Defendants. | CASE NO. 09 CV 0433 JM (AJB)<br><br>**ORDER GRANTING DEFENDANT WACHOVIA MORTGAGE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Doc. No. 21)** |

      Plaintiff Juan Carlos Rivera ("Plaintiff") initiated this action in California state court, advancing several claims which arose out of a residential mortgage refinancing transaction. Defendant Wachovia Mortgage, FSB ("Wachovia"), erroneously named and sued as Wachovia Bank, N.A. and Wachovia Mortgage Corporation, removed the action to federal court on March 4, 2009. (Doc. No. 1.) The court enjoys subject matter jurisdiction based on diversity. (See Doc. No. 19.)

      Pending before the court is Wachovia's motion to dismiss Plaintiff's First Amended Complaint (Doc. No. 20, "FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 21.) Based on full briefing by the parties, including Plaintiff's opposition (Doc. No. 22, "Opp'n") and Wachovia's reply ("Doc. No. 24, "Reply"), the court found the matter appropriate for determination without oral argument.

For the reasons set forth below, the court **GRANTS** Plaintiff's motion to dismiss and **DISMISSES** Plaintiff's FAC with prejudice.

## I. BACKGROUND

On October 22, 2004, Plaintiff and his wife obtained an adjustable rate home mortgage loan for $353,400 from World Savings Bank, FSB, now Wachovia Mortgage, FSB, through which they refinanced their Escondido home. (FAC ¶¶ 4, 10; Req. for Jud. Not., Exh. 5 at 11.) The loan was secured by a Deed of Trust on Plaintiff's property. (FAC, generally; Doc. No. 21-3, Req. for Jud. Not., Exh. 6.) Plaintiff later defaulted on the loan, leading to the initiation of foreclosure proceedings. (FAC ¶ 12.) The present status of any pending or completed foreclosure sale is unclear from the parties' submissions.

Plaintiff alleges that although Wachovia knew he could not afford the mortgage payments, the lender induced him to sign the loan documents through inadequate disclosures of the applicable interest rate and its adjustment over time, and through misrepresentations about his ability to pay, the allocation of monthly payments between principal and interest, and the amortization feature of the loan. (FAC ¶¶ 32-34.) Plaintiff asserts that, at the time of signing, he understood the loan terms to include fixed monthly payments and interest rate for the first three years (although Plaintiff acknowledges he anticipated "a slight adjustment" to the interest rate) and a pre-payment penalty during the same period. (FAC ¶¶ 10, 13.) According to Plaintiff, it was not until January 2007 that he discovered both the principal balance and interest rate had dramatically increased. (FAC ¶ 11.)

Plaintiff asserts state law claims for fraud, breach of contract, breach of contractual covenant of good faith and fair dealing, unfair business practices, and conspiracy, and to quiet title. Plaintiff seeks injunctive relief, damages, attorneys' fees and costs, and a court order declaring the loan transaction void.

## II. DISCUSSION

### A. Legal Standards

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. See, e.g., Concha v.

1  London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S.Ct. 1710 (1996).  However, the
2  complaint's "factual allegations must be enough to raise a right to relief above the speculative level...."
3  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (allegations must provide "plausible grounds
4  to infer" that plaintiff is entitled to relief).  The court should grant 12(b)(6) relief where the complaint
5  lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.
6  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In testing the complaint's legal
7  adequacy, the court may consider material properly submitted as part of the complaint, including
8  exhibits attached thereto, or material subject to judicial notice.  Swartz v. KPMG LLP, 476 F.3d 756,
9  763 (9th Cir. 2007).  Furthermore, under the "incorporation by reference" doctrine, the court may
10 consider documents "whose contents are alleged in a complaint and whose authenticity no party
11 questions, but which are not physically attached to the [plaintiff's] pleading."  Janas v. McCracken (In
12 re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks
13 omitted).[1]

**B.  Analysis**

Wachovia, a federally chartered savings bank, contends all of Plaintiff's state law claims are preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* ("HOLA"), and the regulations issued thereunder by the Office of Thrift Supervision ("OTS"), because the factual underpinnings of these claims fall within HOLA's preemptive scope.

Under HOLA, OTS enjoys "plenary and exclusive authority...to regulate all aspects of the operations of Federal savings associations" and its authority "occupies the entire field of lending regulation for federal savings associations."  12 C.F.R. §§ 545.2, 560.2(a).  The Ninth Circuit agreed, characterizing the enabling statute and subsequent agency regulations as "so pervasive as to leave no room for state regulatory control."  Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979), aff'd, 445 U.S. 921.

In elaborating on the reach of HOLA, the Supreme Court held, "A savings and loan's mortgage

---

[1] To this end, the court may consider the Mortgage Note, Deed of Trust, Truth in Lending Disclosure, and payment coupons provided by Wachovia in its Request for Judicial Notice. (Doc. No. 21-3, Exhs. 5-8.)  As Wachovia's status as a federal savings bank is not challenged, the court declines to take judicial notice of Wachovia's charter documents. (Doc. No. 21-3, Exhs. 1-4.)

lending practices are a critical aspect of its 'operation'...." Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 167 (1982). To this end, OTS Regulation 560.2(b) expressly preempts state regulation of federal thrift activities dealing with, *inter alia*, terms of credit (including amortization of loans, deferral of interest, and adjustments to the interest rate), loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. 12 C.F.R. § 560.2(b). In analyzing preemption, then, "the first step will be to determine whether the type of law in question is listed in paragraph (b)." Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1005 (9th Cir. 2008). If so, the state law is preempted. Id. Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact thrifts in areas listed in § 560.2(b). Id. at 1006; 12 C.F.R. § 560.2(c). Alternatively, such laws are preempted if they have more than an incidental effect on the lending operations of a federal savings association. 12 C.F.R. §§ 560.2(c); OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).[2]

Plaintiff seeks relief under state tort, contract, real property, and consumer protection laws of general applicability which do not explicitly regulate lending activities. However, despite his cursory argument to the contrary (see Opp'n at 5), he asks the court to apply the laws to regulate conduct which is expressly preempted by 12 C.F.R. § 560.2(b). Plaintiff's allegations revolve entirely around the "processing, origination, [and] servicing" of the Plaintiff's mortgage, the "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan," and the adequacy of disclosures made by Defendants in soliciting and settling the loan. 12 C.F.R. §§ 560.2(b)(4), (9), (10). Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by the § 560.2(b), the claims are preempted. See Silvas, 514 F.3d at 1006 (9th Cir. 2008) (holding California's Unfair Competition Law, as applied, was preempted because the underlying allegations dealt with misrepresentations in disclosures and advertising). There is no need for the court to proceed to the second step of the analysis.

---

[2] State laws which do not affect lending practices might include tax statutes or zoning ordinances. See de la Cuesta, 458 U.S. at 172 (O'Connor, J., concurring) (noting HOLA's language does not suggest "Congress intended to permit [OTS] to displace local laws, such as tax statutes and zoning ordinances, not directly related to savings and loan practices.").

1   Wachovia also argues Plaintiff's FAC should be dismissed because Plaintiff's state law claims
2 are time-barred and fail to meet federal pleading standards.  Because the claims are preempted, the
3 court declines to address these secondary arguments.

4 **III.  CONCLUSION**

5   For the reasons set forth above, the court hereby **GRANTS** Wachovia's motion to dismiss
6 (Doc. No. 21).   Plaintiff's First Amended Complaint, including all claims raised therein, is
7 **DISMISSED** with prejudice.  The Clerk of Court is instructed to close the case file.

8 DATED: August 4, 2009

9 _____
   Hon. Jeffrey T. Miller
10   United States District Judge