# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS RIVERA,<br><br>         Plaintiff,<br> vs.<br><br>WACHOVIA BANK, a National Banking Association; WACHOVIA MORTGAGE CORPORATION, a North Carolina corporation f/k/a WORLD SAVINGS BANK, FSB; and DOES 1-200 inclusive,<br><br>         Defendants. | CASE NO. 09 CV 433 JM (AJB)<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES**<br><br>Doc. No. 28 |

  Plaintiff Juan Carlos Rivera ("Rivera") initiated this action regarding a $353,400 residential mortgage refinancing transaction. His complaint initially contained a combination of federal and state law causes of action including violations of the Truth in Lending Act, 15 U.S.C. § 1501 *et seq.*, the Fair Debt Collections Act, 15 U.S.C. § 1592(a), and the Real Estate Settlement Procedure Act, 12 U.S.C. §§ 2601-17. (Doc. No. 1). In his First Amended Complaint, Rivera dropped all federal causes of action and sought relief only on eight state law causes of action: declaratory relief, fraud, breach of good faith and fair dealing, breach of contract, quiet title, two unfair business practices claims, and conspiracy. (Doc. No. 20). Defendant Wachovia Mortgage, FSB ("Wachovia"), erroneously named and sued as Wachovia Bank, N.A. and Wachovia Mortgage Corporation, moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 21). The court granted

1  that motion because Rivera's state law claims were preempted by the Home Owners' Loan Act of
2  1933, 12 U.S.C. § 1461 *et seq.*, and dismissed the case with prejudice on August 4, 2009. (Doc. No.
3  26).

4  Wachovia now seeks an award of $36,841 in attorney's fees. (Doc. No. 28). The Adjustable
5  Rate Mortgage Note that was the subject of litigation includes the following provision:

> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

8  (Doc. No. 28, Ex. A at 9). Similarly, the Deed of Trust includes the following provision in
9  Paragraph 7:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Section 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take this action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

21  (Doc. No. 28, Ex. B at 18). Wachovia argues that these provisions entitle it to an award of its
22  attorney's fees from Rivera.

23  Wachovia supports its request for attorney's fees with detailed information about its attorneys
24  and the hours those attorneys billed in this matter. Six attorneys and two paralegals, all from the same
25  firm, worked on Wachovia's defense. (Doc. No. 28, Declaration of Fred Hickman, ¶ 2, hereinafter
26  "Decl."). Each of the attorneys has at least ten years of experience and is highly credentialed. (*See*
27  Decl. ¶ 2). According to the provided billing statements, these eight professionals billed over 120
28  hours at rates ranging from $145 per hour for a paralegal to $320 per hour for the most experienced

attorneys. (Doc. No. 28, Ex. E). Wachovia has excluded from its request any attorney's fees for time spent defending the federal claims in the initial complaint. (Decl. ¶ 9). For their efforts, Wachovia's attorneys successfully defended the suit by filing two motions to dismiss. The first motion became moot upon the filing of the First Amended Complaint and the court granted the second motion with prejudice. (*See* Doc. No. 7, 21, 26).

## I. LEGAL STANDARD

Contract provisions providing reasonable attorney's fees to the prevailing party in an action on the contract are enforceable. *See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986).

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*Id.* at 1341-42. A complete failure to consider these factors is an abuse of consideration, but a court may properly deem that some factors are not relevant. *Id.* at 1342.

## II. DISCUSSION

The plain language of the above-quoted provisions in the Note and the Deed of Trust entitle Wachovia to attorney's fees in this action if Wachovia was "enforcing th[e] Note" or this proceeding could "significantly affect [Wachovia's] rights in the Property." Both of these prerequisites are met. Rivera sought to quiet title, which would extinguish any rights Wachovia has in the property and make enforcing the Note impossible. Therefore, Wachovia has a contractual right to attorney's fees in this matter.

Moreover, the right to attorney's fees extends to all causes of action that are "inextricably intertwined" with the contract action. *Finalco, Inc. v. Roosevelt*, 235 Cal. App. 3d 1301, 1307 (1991). All of Rivera's state causes of action are either based directly on the contract, require predicate acts based on breach of contract, or relate to the formation of the contract. Thus, all of Rivera's causes of actions are "inextricably intertwined" with the contract, and Wachovia is entitled to attorney's fees

for its defense of them.

Nonetheless, the *LaFarge* factors suggest a somewhat lower fee than Wachovia requests. The time and labor required to defend the matter were not great, nor were the legal questions novel or difficult. The case was resolved on a motion to dismiss, before Wachovia prepared an answer or conducted discovery. As a mortgage provider, Wachovia has undoubtedly defended similar cases in the past. Federal preemption provided a single, overarching defense that mitigated the need for in-depth analysis of each cause of action. And although not inconsequential, the amount in controversy was also not great. On these facts, it is unclear why Wachovia required the services of so many experienced and highly-credentialed attorneys. While the experience, reputation, and ability of the attorneys is not questioned, it seems that these attorneys had an overabundance of skill and experience necessary to perform the legal services properly.

Finally, a careful review of the attorneys' billing statements suggests that Wachovia has underestimated the amount of fees attributable to the defense of the federal law causes of action. While Wachovia deducted for the initial research and brief drafting regarding the federal causes of actions, it did not make comparable deductions for the extensive editing and redrafting it did on those same briefs. Therefore, the court is persuaded to lower the award of attorney's fees further.

For the foregoing reasons, the court GRANTS Defendant's motion for attorney's fees. The court finds that, based on the factors outlined above, sixty hours of attorneys' time and two hours of paralegals' time is reasonable to defend this action. The court applies the rates of Raymond Collins ($270 per hour), an attorney with thirteen years of litigation experience, and paralegal Tejas Padhiar ($145 per hour), which the court finds reasonable. Therefore the court finds that attorney's fees in the amount of $16,490 is reasonable to defend this action. In addition, Defendant requests $2,565 in fees for bringing this motion. The court finds this amount reasonable. In sum, the court awards $19,055 in attorney's fees to Defendant.

**IT IS SO ORDERED.**

DATED: October 23, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge